ELI FRANK

*v.*

ADOLPH MOSES *et al.*

*Filed at Ottawa October 5, 1886.*

APPEALS AND WRITS OF ERROR—*writ of error to a county court—whether it will lie.* Pending a writ of error in this court, which was sued out to a county court, it was decided, in a proceeding by *mandamus*, that an appeal would lie in the case, from the county court to the circuit court. It was *held*, that therefore the writ of error from this court to the county court would not lie.[*]

WRIT OF ERROR to the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding.

Mr. GEORGE W. SMITH, and Messrs. KRAUS & MAYER, for the plaintiff in error.

Mr. E. A. OTIS, and Messrs. MOSES & NEWMAN, for the defendants in error.

Per CURIAM: The writ of error in this case was sued out of this court to the county court of Cook county. Since then this court has decided an appeal will lie in this case from the county court to the circuit court of Cook county, and has awarded a writ of *mandamus* to compel the county court to allow an appeal in the cause. (*People ex rel.* v. *Prendergast*, 117 Ill. 588.) It follows, therefore, that a writ of error will not lie from this court to the county court, in the cause, while an appeal is or may be pending in the circuit court of Cook county, and where a trial *de novo* of the cause may be had.

The writ of error must be dismissed.

*Writ of error dismissed.*

[*]Upon the question whether a writ of error to a county court will lie, see *Kingsbury* v. *Sperry et al.* 119 Ill. 279, *Holden et al.* v. *Herkimer*, 53 id. 258, *Horner* v. *Goe*, 54 id. 285, *Frans* v. *The People*, 59 id. 427, *Ennis* v. *Ennis*, 103 id. 95, and *Hobson* v. *Paine*, 40 id. 25, which is distinguished from *Unknown Heirs of Langworthy* v. *Baker*, 23 Ill. 487.